UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00053-KDB

| | |
|---|---|
| PETER HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| BRIAN BULLIS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Docs. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 6].

**I. BACKGROUND**

Pro se Plaintiff Peter Huff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Mountain View Correctional Institution ("MVCI") in Spruce Pine, North Carolina. On November 17, 2023, he filed an action pursuant to 42 U.S.C. § 1983, naming as Defendants FNU Hicks, FNU Bullis, FNU Biggerstaff, and FNU Swank, all identified as officials at MCVI, in their individual and official capacities. [Civil Case No. 1:23-cv-00341-KDB, Doc. 1]. Plaintiff's Complaint failed initial review and the Court allowed Plaintiff the opportunity to amend his Complaint in accordance with the Court's Order. [Id., Doc. 9]. In his Amended Complaint, Plaintiff named the same Defendants, again in their individual and official capacities. [Id., Doc. 11 at 2-3]. Except for Plaintiff's First Amendment individual capacity retaliation claim against Defendant Hicks, Plaintiff's Amended Complaint also failed initial review. [Id., Doc. 12]. In dismissing Plaintiff's denial of access to the courts claim against all Defendants for failure to state

a claim for relief, the Court explained:

> The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

[Doc. 12 at 5-6]. The Court concluded that Plaintiff did not allege having suffered any actual injury. [Id. at 6]. That is, Plaintiff failed to allege that he had been prevented from bringing challenges to his conditions or sentence. [Id.].

As for Plaintiff's claim against Defendant Bullis based on his alleged failure to redress Plaintiff's grievance, the Court explained:

> "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). As such, to the extent Plaintiff attempts to state a claim for relief based on Defendant Bullis' alleged failure to redress Plaintiff's grievance regarding Defendant Hicks' alleged conduct or any other failure to redress grievances, Plaintiff has failed. The Court, therefore, will dismiss this claim.

[Id., id. at 9]. The Court's dismissed Defendants Bullis, Biggerstaff, and Swank as Defendants and ordered service on Defendant Hicks. [Id., id. at 10].

2

On February 14, 2024, Plaintiff filed the instant Complaint in which he again sues Defendants Bullis, Biggerstaff, and Swank and also names John Doe Correctional Officer as a Defendant, all in their individual and official capacities. [Doc. 1 at 1-3]. Plaintiff alleges that, on or about September 14, 2023, Defendant Bullis "violated [his] 8th Amendment to the constitution by blocking [his] access to the court…as seen on [Bullis's] response dated 9-15-23." [Id. at 4]. Plaintiff attaches several grievances to his Complaint dated from July 24, 2023 to September 14, 2023. [Doc. 1-1 at 17-24]. It appears that Defendant Bullis rejected his September 14 grievance because Plaintiff sought "remedy for more than one incident." [Id. at 16]. Plaintiff claims violation of his rights under the First, Fifth, Eighth, and Fourteenth Amendments. [Id. at 3]. Plaintiff does not state what relief he seeks. [See id. at 5].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear

failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons. The Court dismissed the claims he again purports to assert in Case No. 1:23-cv-341-KDB for Plaintiff's failure to state a claim for relief after Plaintiff had the opportunity to amend his Complaint. The instant Complaint is entirely duplicative of claims he asserted in that action and is a frivolous abuse of the judicial process. Next, Plaintiff fails to make any allegations against Defendants Biggerstaff, Swank, or Doe and these Defendants would, therefore, be dismissed in any event. Plaintiff's official capacity claims would also be dismissed for the same reasons as before. Finally, Plaintiff's allegations do not implicate the Fifth or Eighth Amendments in any regard.

Plaintiff is admonished that any future Complaints purporting to seek relief based on these allegations may be summarily dismissed. Plaintiff is also admonished that Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

## IV. CONCLUSION

In sum, the Court will dismiss Plaintiff's Complaint with prejudice for his failure to state a claim for relief against any Defendant and because Plaintiff's allegations against Defendant

4

Bullis are duplicative of those dismissed in Civil Case No. 1:23-cv-00341-KDB for Plaintiff's failure to state a claim for relief.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED with prejudice** as frivolous, duplicative, and for Plaintiff's failure to state a claim for relief in accordance with the terms of this Order. See 28 U.S.C. §§ 1915(e)(2) and 1915A.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 1, 2024

Kenneth D. Bell
United States District Judge